THE C. C. THOMPSON AND WALKUP COMPANY v. V. E. APPLEBY.

No. 193.

1. TELEPHONE — *message over, is competent evidence.* While a witness may ordinarily testify to a conversation had by him through a telephone with a person, though he is not able to identify the voice of the person responding, yet where it is sought to charge an indorser of a promissory note with liability by a notice of dishonor thus communicated, it must clearly appear that the person responding was the indorser himself; and where the only evidence of the giving of such notice was the testimony of a witness that he called up the office of the indorser and did not know whether or not it was the indorser or his bookkeeper, or either of them, that responded, it is not error to sustain a demurrer to this testimony as furnishing no evidence that notice of dishonor was given.

2. PROMISSORY NOTE — *notice to indorser of, must be personal.* Where the indorser of a promissory note resides in the same city or town with the party who is to give the notice of dishonor of the note, the rule is that the notice must be given to the indorser personally, or by leaving it at his domicile, or his place of business; and a notice of protest which was sent by mail by the notary public who protested the note, furnishes no evidence as to such personal service. *Hume v. Watt,* 5 Kan. 34; *Curtis v. Buckley,* 14 Kan. 449.

Error from Sedgwick District Court. Hon. C. Reed, Judge. Opinion filed May 14, 1897. *Affirmed.*

THOMPSON & WALKUP CO. v. APPLEBY.    681

May 14, 1897.        Opinion.   Milton, J.           C. Div.

*Thornton W. Sargent,* for plaintiff in error.
No appearance for defendant in error.

MILTON, J. The questions of most importance in this case are : Does the evidence which was introduced prove that due and timely notice of the dishonor of the note was given to the indorser, Appleby? And, if it does not, would the evidence which was offered and refused by the trial court have proven that fact?

The essential weakness of the case here presented, when we seek to answer the first question, is manifest. The service of notice was either through notices of protest which were mailed, or through a telephone message sent by Sweet. He states that he telephoned to Appleby's office. But he neglected to tell whether or not the telephone in that office and the one he used are connected with the central office for the city, and whether or not he called up the office in such a way as to make a mistake practically impossible.

Following comparatively recent decisions of the highest courts in several states, and on principle, we do not hesitate to hold that business communications or notices over the telephone are as binding as if the telegraph or mails were used ; and, that, ordinarily, a *prima facie* case can be made out, notwithstanding there is no proof that the one sending the notice or relying upon it in the action, knew the person receiving and answering the message was the identical person for whom it was intended ; provided it be shown that both telephones were connected with the central telephone office and that the proper number was called for, connection made, and response received upon its being called. *Reed v. Burlington, C. R. & N. Rly. Co.,* 72 Iowa, 166 ; *Missouri Pacific Rly.*

Co. v. Heidenheimer, 82 Tex. 195, 17 S. W. Rep. 608; Wolfe et al. v. Missouri Pacific Rly. Co., 97 Mo. 473, 11 S. W. Rep. 49.

The cases cited by counsel for plaintiff in error clearly declare that the use of this modern means of communication is to be recognized and welcomed by the courts, as well as by the business interests of the cities. But the doctrine of these cases cannot be applied in any general way. The facts of each case must be considered.

To make an indorser of a promissory note liable, notice of its dishonor must be given to him. When the notice is verbal, the general rule, and the only safe rule, seems to be, that the holder of the note, or his agent, shall communicate in spoken words to the indorser the fact that the note is dishonored.

Plaintiff in error seems to have held the view that the notice of protest would be evidence that notice of dishonor of the note was given to the defendant Appleby. In the case of Hume v. Watt (5 Kan. 34), our Supreme Court has said that where the holder and the indorser of the note reside in the same town or city, notice of dishonor of the note, in order to charge the indorser, must be personally served.

In Seaton v. Scovill (18 Kan. 433), it is said that it rests upon the party seeking to charge an indorser to prove a legal notice; that no presumptions arise in his favor, and that the burden of proof is upon him. In various cases our Supreme Court has declared that it is no part of the duties of a notary public to give notice of the dishonor of a note to the indorser thereof. See also Swayze v. Britton 17 Kan. 625. If the plaintiff in error relies upon notice by telephone, he must show it was communicated to the indorser. If he depends upon the notice of protest, he should have

proven this according to the statute.   We think that the evidence which was admitted by the court was not sufficient to show that any legal notice of dishonor of the note in question was given to the indorser ; in fact there was no evidence of the giving of such notice.

Would the evidence which was rejected by the trial court have made out a *prima facie* case as to such notice ?

The witness Sweet, having stated that he telephoned to Mr. Appleby's office, and was answered by either Appleby or his bookkeeper, Hart, was asked by the court : " You do not know which of the two it was? " and answered : " No, sir ; whichever one it was I notified him of the fact—." An objection being interposed, the witness did not complete his answer, and the court proceeded to inquire whether or not witness recognized the voice as that of either Appleby or Hart. Witness answered that he did not recollect " whether it was either of their voices." The trial court seems to to have considered that answer as giving sufficient ground for refusing to allow further testimony as to the reply the witness received from the person in Appleby's office.    Sweet was afterwards recalled and stated that he called for Mr. Appleby through the telephone, and that he did not recollect what reply he received ; that if Appleby was there the fact would generally be stated to witness by the person answering ; that he did not recollect from whom the reply came, and finally that he had no idea who answered his message.    Since it appears that the witness did not remember anything about the reply he received from the person in Appleby's office, it certainly follows that there was no harm done in refusing to allow the witness to answer the question in the first instance.

He was afterwards permitted to answer it, and thereby showed clearly that he was unable to testify concerning the matter inquired about. Besides this, the witness Hart, testifying on behalf of the plaintiff in error, stated that he was constantly in the office of Mr. Appleby, and that he had no recollection concerning a telephone message in reference to the Fletcher note, coming to that office at the time alleged.

We are unable to see that any competent evidence tending to prove that notice of the dishonor of the note was actually given to Appleby personally, was excluded by the court.

The court refused to admit certain evidence offered by plaintiff in error, by the deposition of August Fast, and the witness, L. Lindemuth. As this testimony all related to the matter of protest of the note, it was certainly immaterial, unless there was proof that notice of dishonor was properly served. *Curtis v. Buckley*, 14 Kan. 457. We need not consider whether protest was necessary; but if it was necessary, then, under paragraph 494, General Statutes of 1889, the notary's certificate was the proper evidence to introduce as to the whole matter of the protest. There was no error in rejecting this testimony. And for the same reason we hold that the refusal of the court to allow the introduction of evidence of the notice of protest found in the files of Appleby's office was proper, as it did not tend to prove the essential issue in the case.

We do not express an opinion as to whether or not the failure to present the note to Margaret Fletcher for payment was necessary in order to hold the indorser, as we are satisfied the reasons we have stated are sufficient to sustain the judgment of the trial court.

The judgment will be affirmed.